NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ANGEL LEPE,

Petitioner - Appellant,

v.

JOHN MERCHANT, Warden, California Institution for Men, Chino, California,

Respondent - Appellee.

No. 24-4857

D.C. No.
5:22-cv-08920-PCP

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
P. Casey Pitts, District Judge, Presiding

Submitted August 15, 2025**
San Francisco, California

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER, District Judge.***

Jose Angel Lepe ("Lepe") appeals the district court's denial of his habeas

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

petition under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Reviewing "the denial of a Section 2254 habeas corpus petition de novo and any underlying factual findings for clear error," we affirm.[1] *Patsalis v. Shinn*, 47 F.4th 1092, 1097 (9th Cir. 2022) (citation omitted).

Relief on a § 2254 habeas claim is not warranted unless adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Section 2254(d)(1) requires the state court's application of clearly established U.S. Supreme Court law to be more than incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Rather, the state court's application must be objectively unreasonable. *Id.*

In December 2013, Lepe shot and killed another individual. In March 2016, an Alameda County Superior Court jury found Lepe guilty of unlawful discharge of a firearm from a vehicle with the related enhancement for intentional discharge of a firearm causing great bodily injury or death. *See* Cal. Pen. Code § 12022.53.

---

[1] The facts and procedural history are well known to the parties, and we recount them only as needed to explain our decision.

However, the jury found Lepe not guilty of first-degree murder.[2] Following the verdict, the state trial court sentenced Lepe to 5 years in prison for the unlawful discharge of a firearm from a vehicle and 25 years to life for the firearm enhancement.[3] Lepe argues that his lengthy sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.[4] Under the Antiterrorism and Effective Death Penalty Act's (AEDPA) deferential standard, Lepe's claim fails. *See* 28 U.S.C. § 2254(d).

"[T]he Eighth Amendment guarantees individuals the right not to be subjected to excessive sanctions," a limitation that necessarily imposes a requirement of proportionality between the offense and resulting penalties. *Roper v. Simmons*, 543 U.S. 551, 560 (2005). The Eighth Amendment's "narrow proportionality principle . . . does not require strict proportionality between crime and sentence but rather forbids only extreme sentences that are grossly

---

[2] The prosecutor dropped a second-degree murder charge against Lepe after the jury was unable to return a verdict on that charge.

[3] When Lepe was first sentenced, the trial court had no discretion to strike the 25-year-to-life enhancement mandated by the jury's finding that Lepe violated Cal. Pen. Code § 12022.53. However, while Lepe's appeal was pending in the state courts, the California legislature amended the statute and gave sentencing courts discretion to "strike or dismiss an enhancement." Cal. Pen. Code § 12022.53(h). Although § 12022.53(h) applied retroactively to Lepe, the trial court nevertheless declined to strike the firearm enhancement upon remand.

[4] Because the California Supreme Court denied Lepe's initial petition for review without explanation, this Court reviews the California Court of Appeal's first decision explaining why it found Lepe's sentence constitutional, *People v. Lepe*, Case No. A151672 (Cal. Ct. App. Mar. 13, 2019).

disproportionate to the crime." *Graham v. Florida*, 560 U.S. 48, 59-60 (2010) (cleaned up). Thus, habeas relief is available "only in the 'exceedingly rare' and 'extreme' case." *Andrade*, 538 U.S. at 73 (citation omitted).

Lepe does not establish that the California Court of Appeal's decision rejecting his Eighth Amendment claim involved an unreasonable application of the gross disproportionality principle. On the contrary, in *Lockyer v. Andrade*, 538 U.S. 63 (2003), the U.S. Supreme Court upheld a longer sentence for a lesser crime. *See generally Andrade*, 538 U.S. 63 (upholding the state court's 50-years-to-life recidivist sentence for petty theft).

Lepe argues that several factors set his case apart from *Andrade*. These factors include: (1) that Lepe was convicted of a general intent crime, (2) that Lepe's conviction was related to a single incident, and (3) that Lepe's sentence was inconsistent with the legislative purpose of the statutory scheme of Cal. Pen. Code § 12022.53. These factual distinctions are insufficient to show that the state court applied a rule that contradicts *Andrade*'s governing law. *See Williams v. Taylor*, 529 U.S 362, 406 (2000) (finding that a "state-court decision applying the correct legal rule" from U.S. Supreme Court jurisprudence "to the facts of a . . . case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause"). Without that showing, we cannot grant Lepe habeas relief.

Additionally, much of Lepe's brief appears to be challenging the state

court's interpretation of state law. However, a state court's interpretation of state law may not be reviewed on federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). To the extent that Lepe argues that the California Court of Appeal's decision unreasonably applied U.S. Supreme Court law requiring deference to legislative policy, that claim also fails. Lepe argues that "the legislative determinations" that the California Court of Appeal "relied on in rejecting Lepe's claim were out of date and had essentially already been invalidated by the Legislature." Therefore, according to Lepe, the California Court of Appeal's reliance on out-of-date legislative reasoning for Cal. Pen. Code § 12022.53 violates well-established judicial deference to state legislatures. There is no clearly established Supreme Court precedent that supports this argument. *Shoop v. Hill*, 586 U.S. 45, 48 (2019) (per curiam) (stating that "habeas relief may be granted only if the state court's adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of,' Supreme Court precedent that was 'clearly established'").

**AFFIRMED.**